Glen M. Diehl, Esq.
DIEHL SERVILLA LLC
33 Wood Avenue South,
Second Floor, Suite 210
Iselin, New Jersey 08830
Telephone: (732) 815-0404
Facsimile:  (732) 815-1330
Email:  gdiehl@dsiplaw.com

Attorneys for Plaintiffs
Virtual Reality Feedback
Corporation and Craig Thorner

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VIRTUAL REALITY FEEDBACK CORPORATION and CRAIG THORNER, <br><br> Plaintiffs, <br><br> v. <br><br> TARGET BRANDS, INC. and TARGET CORPORATION <br><br> Defendants. | **Civil Action No.** <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs Virtual Reality Feedback Corporation ("VRF") and Craig Thorner ("Thorner") for their Complaint against Defendants Target Brands, Inc. ("Target Brands") and Target Corporation ("Target") hereby allege as follows:

**THE PARTIES**

1. Plaintiff VRF is a corporation organized and existing under the laws of the State of New Jersey with a place of business located at 14 Stuyvesant Road, Brick, New Jersey 08723.

2. Plaintiff Thorner is an individual whose principle residence is located at 14

Stuyvesant Road, Brick, New Jersey 08723.

   3. On information and belief, Defendant Target is a corporation organized and existing under the laws of the State of Minnesota and maintains a place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

   4. On information and belief, Defendant Target is a corporation organized and existing under the laws of the State of Minnesota and maintains a place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

## NATURE OF THE ACTION

   5. This is a civil action for the infringement of United States Patent Nos. 5,684,722 (the "722 patent") and 5,669,818 (the "818 patent") (collectively, the "722 and 818 patents"). This action is based on the patent laws of the United States, 35 U.S.C. § 1 *et. seq.*

## JURISDICTION AND VENUE

   6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, as Counts I and II arise under the patent laws of the United States.

   7. This Court has personal jurisdiction over Defendant Target Brands and Defendant Target based upon their sales/business activity conducted through its interactive website of www.target.com.  For example, the defendants have actively done business over the Internet through its sale of products that infringe the 722 and 818 patents via the website at www.target.com.  On information and belief, the defendants knew or had reason to know that New Jersey citizens accessed its website and purchased infringing products.  On information and belief, the defendants processed orders and received payments from New Jersey citizens via www.target.com.  In addition, visitors to the defendant's website are asked to submit personal information when making purchases and returns as well as when requesting customer service.

Thus, the defendant's website is interactive and the defendants knew or should have known that it engaged in business transactions with New Jersey citizens through its website. This court also has personal jurisdiction over the defendants based on their continuous and systematic operation of retail stores in New Jersey.

8. Thus, the exercise of personal jurisdiction over Target Brands and Target will not offend traditional notions of fair play and substantial justice. Such an exercise is proper and consistent with New Jersey's long-arm rule pursuant to N.J. Ct. R. 4:4-4.

9. Venue is proper in the judicial district pursuant to 28 U.S.C. §§ 1391(c) and/or 1400(b).

**FACTUAL BACKGROUND**

10. On November 4, 1997, the 722 patent, entitled "Apparatus and Method for Generating a Control Signal for a Tactile Sensation Generator," was duly and legally issued. The 722 patent is valid and enforceable. A copy of the 722 patent is attached hereto as Exhibit A.

11. On September 23, 1997, the 818 patent, entitled "Seat-Based Tactile Sensation Generator," was duly and legally issued. The 818 patent is valid and enforceable. A copy of the 818 patent is attached hereto as Exhibit B.

12. Plaintiffs Thorner and VRF are the owners of all right, title and interest in and to the 722 patent.

13. Plaintiffs Thorner and VRF are the owners of all right, title and interest in and to the 818 patent.

14. The 722 and 818 patents relate generally to tactile sensation generators, devices that incorporate such generators and methods of using such generators, where an audio signal

3

drives a motor to create vibrations.

15. On information and belief, the company Ultimate Game Chair, Inc. ("UGC") has had game chairs, such as the "Raptor" (also known as the "Raptor Ultimate Game Chair") and the "Ultimate Game Chair," manufactured for sale in the United States.

16. UGC's website (located at www.ultimategamechair.com) has a Frequently Asked Questions ("FAQs") section that describes the operation of its video gaming chairs. The FAQs explain that the video gaming chairs, including the "Raptor" and the "Ultimate Game Chair," receive an audio signal from a video game and have multiple motors that vibrate in synchronization with the game action. Thus, UGC's video gaming chairs are driven by and vibrate in accordance with an audio signal received from a video game. A copy of from of this FAQs section is attached as Exhibit C.

17. The game chairs made for UGC, including the "Raptor" and the "Ultimate Game Chair," infringe one or more claims of the 722 and 818 patents.

18. On information and belief, defendants Target Brands and Target have sold the "Raptor" and the "Ultimate Game Chair" on their website located at www.target.com. A copy of Target's webpage where the "Raptor" has been sold is attached as Exhibit D and a copy of Target's website where the "Ultimate Game Chair" has been sold is attached as Exhibit E.

18. Defendants Target Brand and Target are not licensed under the 722 patent or the 818 patent and are not authorized or permitted to manufacture, use, import, sell or offer to sell any of the subject matter claimed in the 722 patent or the 818 patent.

19. UGC, the source of the "Raptor" and the "Ultimate Game Chair," is also not licensed under the 722 patent or the 818 patent.

## COUNT I
## PATENT INFRINGEMENT OF THE 722 PATENT

20. Plaintiffs VRF and Thorner repeat and re-allege the allegations of paragraphs 1-19 above as if fully set forth herein.

21. In violation of 35 U.S.C. § 271, defendants Target Brand and Target have infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the 722 patent by selling and/or offering to sell the "Raptor" and the "Ultimate Game Chair" within this district and elsewhere throughout the United States, and/or by inducing or contributing to the infringement of one or more claims of the 722 patent by others.

22. Plaintiffs VRF and Thorner have suffered monetary damages as a result of defendants Target Brands' and Target's infringement of the 722 patent.

23. On information and belief, Target Brands and Target will continue to infringe the 722 patent unless enjoined by this Court.

24. Plaintiffs VRF and Thorner have suffered and continue to suffer irreparable harm for which they have no adequate remedy at law.

## COUNT II
## PATENT INFRINGEMENT OF THE 818 PATENT

25. Plaintiffs VRF and Thorner repeat and re-allege the allegations of paragraphs 1-24 above as if fully set forth herein.

26. In violation of 35 U.S.C. § 271, Target Brands and Target has infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the 818 patent by selling and/or offering to sell the "Raptor" and the "Ultimate Game Chair" within this district and elsewhere throughout the United States, and/or by inducing or contributing to the infringement of one or more claims of the 818 patent by others.

27. Plaintiffs VRF and Thorner have suffered monetary damages as a result of Defendant Target's infringement of the 818 patent.

28. On information and belief, Target will continue to infringe the 818 patent unless enjoined by this Court.

29. Plaintiffs VRF and Thorner have suffered and continue to suffer irreparable harm for which they have no adequate remedy at law.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs VRF and Thorner respectfully request:

A. Judgment be entered that Target has infringed, induced others to infringe, and/or contributed to the infringement of one or more claims of the 722 and 818 patents;

B. Judgment be entered permanently enjoining defendants Target Brands and Target, their agents, servants, representatives, officers, directors, attorneys, employees, affiliates, assigns and all persons acting in concert with them, directly or indirectly, from infringing, inducing others to infringe and/or contributing to the infringement of the 722 and 818 patents;

C. Judgment be entered awarding Plaintiffs VRF and Thorner all damages adequate for compensation for all past infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

D. Judgment be entered awarding Plaintiffs VRF and Thorner such other relief as this Court may deem just and proper.

Respectfully submitted,

Dated: October 11, 2012         By:     s/ Glen M. Diehl
                                        Glen M. Diehl, Esq.

                                        DIEHL SERVILLA LLC
                                        33 Wood Ave. South
                                        Second Floor, Suite 210
                                        Iselin, New Jersey 08830
                                        Telephone: (732) 815-0404
                                        Facsimile: (732) 815-1330
                                        Email: gdiehl@dsiplaw.com

                                        Attorneys for Plaintiffs
                                        Virtual Reality Feedback
                                        Corporation and Craig Thorner

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38 and L. Civ. R. 38.1, Plaintiffs Virtual Reality Feedback Corporation and Craig Thorner hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

Dated:  October 11, 2012        By:     s/ Glen M. Diehl
                                        Glen M. Diehl, Esq.

                                        DIEHL SERVILLA LLC
                                        33 Wood Ave. South
                                        Second Floor, Suite 210
                                        Iselin, New Jersey 08830
                                        Telephone: (732) 815-0404
                                        Facsimile:  (732) 815-1330
                                        Email:  gdiehl@dsiplaw.com

                                        Attorneys for Plaintiffs
                                        Virtual Reality Feedback
                                        Corporation and Craig Thorner

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

I certify that U.S. Patent Nos. 5,684,722 was the subject of the closed action of VIRTUAL REALITY FEEDBACK CORPORATION, et al. v. SUKI LLC, 3:11-cv-04817-MLC-LHG (D.N.J.).  I also certify that U.S. Patent No. 5,684,722 and another patent are the subject of the pending action of THORNER, et al. v. SONY COMPUTER ENTERTAINMENT AMERICA LLC, et al., 3:09-cv-01894-GEB-DEA (D.N.J.).

I certify that U.S. Patent Nos. 5,684,722 and 5,669,818 were the subject of the closed action of VIRTUAL REALITY FEEDBACK CORPORATION, et al. v. LUMISOURCE, INC., et al., 3:08-cv-02199-FLW-TJB (D.N.J.).  I also certify that U.S. Patent Nos. 5,684,722 and 5,669,818 are the subject of the pending action of VIRTUAL REALITY FEEDBACK CORPORATION, et al. v. ULTIMATE GAME CHAIR, INC., et al., 3:11-cv-04566-PGS-DEA (D.N.J.).  I further certify that U.S. Patent Nos. 5,684,722 and 5,669,818 are the subject of the following pending actions, filed with this Court: VIRTUAL REALITY FEEDBACK CORPORATION, et al. v. WAL-MART STORES, INC., 3:12-cv-04968-PGS-LHG.

Dated:  October 11, 2012

By:     s/ Glen M. Diehl
Glen M. Diehl, Esq.

DIEHL SERVILLA LLC
33 Wood Ave. South
Second Floor, Suite 210
Iselin, New Jersey 08830
Telephone: (732) 815-0404
Facsimile:  (732) 815-1330
Email:  gdiehl@dsiplaw.com

Attorneys for Plaintiffs
Virtual Reality Feedback
Corporation and Craig Thorner